_____ FILED   _____ ENTERED
_____ LODGED  _____ RECEIVED

**JUL 09 2021**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAM BROOKS,<br><br>Defendant. | NO. CR20-215RSM<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Thomas M. Woods, Assistant United States Attorney for said District, Defendant Sam Brooks and Defendant's attorney, Michele Shaw, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c).

1. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment:

      a.     Interference with Railroad Signaling System, as charged in Count 1, in violation of Title 18, United States Code, Section 1992(a)(5), (a)(10), (c)(1), and Section 2.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  By entering a plea of guilty, Defendant hereby waives all objections to the form of

2  the charging document. Defendant further understands that before entering any guilty

3  plea, Defendant will be placed under oath. Any statement given by Defendant under oath

4  may be used by the United States in a prosecution for perjury or false statement.

5      2.    **Elements of the Offense.** The elements of the offense to which Defendant

6  is pleading guilty are as follows:

7      a.    First, the defendant knowing and without lawful authority and

8  permission did, conspire to, or attempt to, impair the operation of a railroad signal

9  system;

10      b.    Second, the conduct was against and affecting a railroad carrier

11  engaged in interstate or foreign commerce.

12      3.    **The Penalties.** Defendant understands that the statutory penalties

13  applicable to the offense to which Defendant is pleading guilty are as follows:

14      a.    For the offense of Interference with Railroad Signaling System, as

15  charged in Count 1: A maximum term of imprisonment of up to 20 years, a fine of up to

16  $250,000, a period of supervision following release from prison of up to 3 years, and a

17  mandatory special assessment of $100 dollars. If a probationary sentence is imposed, the

18  probation period can be for up to five (5) years.

19  Defendant understands that supervised release is a period of time following

20  imprisonment during which Defendant will be subject to certain restrictive conditions and

21  requirements. Defendant further understands that, if supervised release is imposed and

22  Defendant violates one or more of the conditions or requirements, Defendant could be

23  returned to prison for all or part of the term of supervised release that was originally

24  imposed. This could result in Defendant serving a total term of imprisonment greater

25  than the statutory maximum stated above.

26  Defendant understands that as a part of any sentence, in addition to any term of

27  imprisonment and/or fine that is imposed, the Court may order Defendant to pay

28  restitution to any victim of the offense, as required by law.

Plea Agreement - 2
*United States v.* Brooks, CR20-215

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Defendant further understands that the consequences of pleading guilty may
2   include the forfeiture of certain property, either as a part of the sentence imposed by the
3   Court, or as a result of civil judicial or administrative process.

4   Defendant agrees that any monetary penalty the Court imposes, including the
5   special assessment, fine, costs, or restitution, is due and payable immediately and further
6   agrees to submit a completed Financial Statement of Debtor form as requested by the
7   United States Attorney's Office.

8   Defendant understands that, if pleading guilty to a felony drug offense, Defendant
9   will become ineligible for certain food stamp and Social Security benefits as directed by
10  Title 21, United States Code, Section 862a.

11      4.      **Immigration Consequences**.  Defendant recognizes that pleading guilty
12  may have consequences with respect to Defendant's immigration status if Defendant is
13  not a citizen of the United States.  Under federal law, a broad range of crimes are grounds
14  for removal, and some offenses make removal from the United States presumptively
15  mandatory.  Removal and other immigration consequences are the subject of a separate
16  proceeding, and Defendant understands that no one, including Defendant's attorney and
17  the Court, can predict with certainty the effect of a guilty plea on immigration status.
18  Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any
19  immigration consequences that Defendant's guilty plea(s) may entail, even if the
20  consequence is Defendant's mandatory removal from the United States.

21      5.      **Rights Waived by Pleading Guilty.** Defendant understands that by
22  pleading guilty, Defendant knowingly and voluntarily waives the following rights:

23          a.      The right to plead not guilty and to persist in a plea of not guilty;
24          b.      The right to a speedy and public trial before a jury of Defendant's
25  peers;
26          c.      The right to the effective assistance of counsel at trial, including, if
27  Defendant could not afford an attorney, the right to have the Court appoint one for
28  Defendant;

Plea Agreement - 3
*United States v.* Brooks, CR20-215

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1             d.       The right to be presumed innocent until guilt has been established

2 beyond a reasonable doubt at trial;

3             e.       The right to confront and cross-examine witnesses against Defendant

4 at trial;

5             f.       The right to compel or subpoena witnesses to appear on Defendant's

6 behalf at trial;

7             g.       The right to testify or to remain silent at trial, at which trial such

8 silence could not be used against Defendant; and

9             h.       The right to appeal a finding of guilt or any pretrial rulings.

10        6.       **United States Sentencing Guidelines**. Defendant understands and

11 acknowledges that the Court must consider the sentencing range calculated under the

12 United States Sentencing Guidelines and possible departures under the Sentencing

13 Guidelines together with the other factors set forth in Title 18, United States Code,

14 Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the

15 history and characteristics of Defendant; (3) the need for the sentence to reflect the

16 seriousness of the offense(s), to promote respect for the law, and to provide just

17 punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence

18 to criminal conduct; (5) the need for the sentence to protect the public from further

19 crimes of Defendant; (6) the need to provide Defendant with educational and vocational

20 training, medical care, or other correctional treatment in the most effective manner; (7)

21 the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the

22 need to avoid unwarranted sentence disparity among defendants involved in similar

23 conduct who have similar records. Accordingly, Defendant understands and

24 acknowledges that:

25             a.       The Court will determine Defendant's Sentencing Guidelines range

26 at the time of sentencing;

27

28

Plea Agreement - 4
*United States v.* Brooks, CR20-215

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        b.     After consideration of the Sentencing Guidelines and the factors in

2  18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

3  maximum term authorized by law;

4        c.     The Court is not bound by any recommendation regarding the

5  sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

6  range offered by the parties or the United States Probation Department, or by any

7  stipulations or agreements between the parties in this Plea Agreement; and

8        d.     Defendant may not withdraw a guilty plea solely because of the

9  sentence imposed by the Court.

10      7.     **Ultimate Sentence**. Defendant acknowledges that no one has promised or

11  guaranteed what sentence the Court will impose.

12      8.     **Statement of Facts**. The parties agree on the following facts. Defendant

13  admits Defendant is guilty of the charged offense:

14        a.     On the night of November 28, 2020, a Burlington Northern Santa Fe

15  ("BNSF") officer  received a motion alert from a game camera placed on the BNSF

16  Bellingham Subdivision at milepost 100.4 in Whatcom County, Washington. He

17  reviewed the photograph sent from the camera and observed a trespasser standing on the

18  railroad tracks. He also observed either an item sitting on the tracks next to the person, or

19  what appeared to be another trespasser kneeling on the tracks.

20        b.     The officer accessed the BNSF system. He observed a "track

21  indication" appear and disappear from the dispatch screen. The track indication appeared

22  in the area where the game camera was placed, and the area where the trespasser was

23  captured on the game camera. A "track indication" is the electronic signal that the track

24  is obstructed, usually by a train. A railroad shunt can replicate this signal. A shunt

25  consists, at a minimum, of wire stretched between and connected to the rails of a train

26  track, which is designed to mimic the electrical signal presented by a train on the tracks.

27  This signal prevents other trains from entering the area until the shunt has been located

28  and removed. Depending on the location, the shunt may also interfere with the proper

Plea Agreement - 5
*United States v.* Brooks, CR20-215

1  operation of crossing gates at railroad/traffic intersections, causing the gates to allow

2  vehicular traffic across the tracks even when a train is oncoming. Furthermore, there is

3  the possibility that a shunt could cause Positive Train Control ("PTC"), an automatic

4  braking system on modern trains, to engage, potentially resulting in a derailment.

5          c.      A Whatcom County deputy responded to the scene. He observed an

6  individual installing a shunt on the railroad tracks. SAM BROOKS had helped this

7  individual attempt to install the shunt on the tracks, acting at the individual's direction.

8  The two acted with the intent to cause BNSF trains to delay operating. BNSF is an

9  interstate rail carrier and operates in interstate commerce, *i.e.*, its trains transport cargo

10 across state lines.

11         d.      A BNSF engineer has examined the shunt that BROOKS and the

12 other individual were installing. The shunt momentarily caused a track indication, i.e.,

13 the system indicated that there was a train or other obstruction on the track, when in fact

14 there was none. In addition, the shunt interfered with the Cliffside Drive railroad

15 crossing. Specifically, for the moment that the shunt was operable, there would have

16 been a delay had the crossing gate needed to be activated. This crossing is designed to

17 initiate warning lights and begin lowering crossing gates when the train is 35 seconds

18 from the crossing. Federal Rail Administration regulations require a minimum of 20

19 seconds warning of an approaching train at road crossings. It takes around 11 seconds for

20 the arms to lower completely. In this case, the gate would not have been triggered to

21 lower until approximately 7 seconds prior to the train reaching the crossing, assuming the

22 train was traveling at a normal speed of 35 mph, for the momentary period that the shunt

23 was operable.

24         e.      The section of track where the shunt was located is PTC-enabled.

25 PTC will automatically apply the brakes of a train when there is an electrical indication in

26 the track; however, based on the duration of time the indication persists, train dispatchers

27 may clear trains to proceed over the indication. If a shunt causes an indication on the

28

Plea Agreement - 6
*United States v.* Brooks, CR20-215

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   tracks when an oncoming train is a short distance away, PTC will activate emergency

2   braking, potentially leading to a decoupling or derailment.

3            f.       The parties agree that the Court may consider additional facts

4   contained in the Presentence Report (subject to standard objections by the parties) and/or

5   that may be presented by the United States or Defendant at the time of sentencing, and

6   that the factual statement contained herein is not intended to limit the facts that the parties

7   may present to the Court at the time of sentencing.

8       9.       **Sentencing Factors**. The parties agree that the following Sentencing

9   Guidelines provisions apply to this case:

10           a.       The parties acknowledge that there is no Guideline expressly

11  applicable to conduct against railroad carriers not operating as mass transportation

12  vehicles, and that Section 2A5.2 provides the most analogous offense Guideline under

13  Section 2X5.1;

14           b.       A base offense level of 18 because the conduct recklessly

15  endangered the safety of BNSF trains, pursuant to Section 2A5.2(a)(2);

16           c.       A two-point reduction because the defendant played a minor role in

17  the offense, pursuant to Section 3B1.2(b).

18       The parties agree they are free to present arguments regarding the applicability of

19  all other provisions of the United States Sentencing Guidelines. Defendant understands,

20  however, that at the time of sentencing, the Court is free to reject these stipulated

21  adjustments, and is further free to apply additional downward or upward adjustments in

22  determining Defendant's Sentencing Guidelines range.

23       10.      **Acceptance of Responsibility.** At sentencing, *if* the Court concludes

24  Defendant qualifies for a downward adjustment acceptance for acceptance of

25  responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or

26  greater, the United States will make the motion necessary to permit the Court to decrease

27  the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because

28  Defendant has assisted the United States by timely notifying the United States of

Plea Agreement - 7
*United States v.* Brooks, CR20-215

1 | Defendant's intention to plead guilty, thereby permitting the United States to avoid

2 | preparing for trial and permitting the Court to allocate its resources efficiently.

3 |      11.    **Agreed Recommendation Regarding Imprisonment**. Pursuant to

4 | Federal Rule of Criminal Procedure 11(c)(1)(B), the government agrees to recommend a

5 | sentence at the low end of the applicable Guidelines range, as calculated by the Court.

6 | Defendant is free to recommend any sentence. Defendant understands that this

7 | recommendation is not binding on the Court and the Court may reject the

8 | recommendation of the parties and may impose any term of imprisonment up to the

9 | statutory maximum penalty authorized by law. Defendant further understands that

10 | Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the

11 | Court. Except as otherwise provided in this Plea Agreement, the parties are free to

12 | present arguments regarding any other aspect of sentencing.

13 |      12.    **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement,

14 | the United States Attorney's Office for the Western District of Washington agrees not to

15 | prosecute Defendant for any additional offenses known to it as of the time of this Plea

16 | Agreement based upon evidence in its possession at this time, and that arise out of the

17 | conduct giving rise to this investigation. In this regard, Defendant recognizes the United

18 | States has agreed not to prosecute all of the criminal charges the evidence establishes

19 | were committed by Defendant solely because of the promises made by Defendant in this

20 | Plea Agreement. Defendant agrees, however, that for purposes of preparing the

21 | Presentence Report, the United States Attorney's Office will provide the United States

22 | Probation Office with evidence of all conduct committed by Defendant.

23 |     Defendant agrees that any charges to be dismissed before or at the time of

24 | sentencing were substantially justified in light of the evidence available to the United

25 | States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

26 | with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

27 | (1997).

28 |

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    13.    **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if

2    Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

3    Agreement and Defendant may be prosecuted for all offenses for which the United States

4    has evidence. Defendant agrees not to oppose any steps taken by the United States to

5    nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

6    Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement,

7    Defendant has waived any objection to the re-institution of any charges that previously

8    were dismissed or any additional charges that had not been prosecuted.

9    Defendant further understands that if, after the date of this Agreement, Defendant

10   should engage in illegal conduct, or conduct that violates any conditions of release or the

11   conditions of confinement (examples of which include, but are not limited to, obstruction

12   of justice, failure to appear for a court proceeding, criminal conduct while pending

13   sentencing, and false statements to law enforcement agents, the Pretrial Services Officer,

14   Probation Officer, or Court), the United States is free under this Plea Agreement to file

15   additional charges against Defendant or to seek a sentence that takes such conduct into

16   consideration by requesting the Court to apply additional adjustments or enhancements in

17   its Sentencing Guidelines calculations in order to increase the applicable advisory

18   Guidelines range, and/or by seeking an upward departure or variance from the calculated

19   advisory Guidelines range. Under these circumstances, the United States is free to seek

20   such adjustments, enhancements, departures, and/or variances even if otherwise

21   precluded by the terms of the Plea Agreement.

22   14.    **Waiver of Appellate Rights and Rights to Collateral Attacks.**

23   Defendant acknowledges that, by entering the guilty plea(s) required by this plea

24   agreement, Defendant waives all rights to appeal from Defendant's conviction, and any

25   pretrial rulings of the Court, and any rulings of the Court made prior to entry of the

26   judgment of conviction. Defendant further agrees that, provided the Court imposes a

27   custodial sentence that is within or below the Sentencing Guidelines range (or the

28

Plea Agreement - 9
*United States v.* Brooks, CR20-215

1  statutory mandatory minimum, if greater than the Guidelines range) as determined by the

2  Court at the time of sentencing, Defendant waives to the full extent of the law:

3          a.      Any right conferred by Title 18, United States Code, Section 3742,

4  to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

5  restitution order, probation or supervised release conditions, or forfeiture order (if

6  applicable); and

7          b.      Any right to bring a collateral attack against the conviction and

8  sentence, including any restitution order imposed, except as it may relate to the

9  effectiveness of legal representation; and

10        This waiver does not preclude Defendant from bringing an appropriate motion

11  pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or

12  the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

13        If Defendant breaches this Plea Agreement at any time by appealing or collaterally

14  attacking (except as to effectiveness of legal representation) the conviction or sentence in

15  any way, the United States may prosecute Defendant for any counts, including those with

16  mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

17  Agreement.

18        15.    **Voluntariness of Plea.**  Defendant agrees that Defendant has entered into

19  this Plea Agreement freely and voluntarily, and that no threats or promises were made to

20  induce Defendant to enter a plea of guilty other than the promises contained in this Plea

21  Agreement or set forth on the record at the change of plea hearing in this matter.

22        16.    **Statute of Limitations.**  In the event this Plea Agreement is not accepted

23  by the Court for any reason, or Defendant breaches any of the terms of this Plea

24  Agreement, the statute of limitations shall be deemed to have been tolled from the date of

25  the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the

26  Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

27  of the Plea Agreement by Defendant is discovered by the United States Attorney's

28  Office.

Plea Agreement - 10
*United States v.* Brooks, CR20-215

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

17.    **Completeness of Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter.  This Agreement binds only the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this ___ day of July, 2021.


**SAM BROOKS**
Defendant


**MICHELE SHAW**
Attorney for Defendant


**TODD GREENBERG**
**Assistant United States Attorney**


**THOMAS M. WOODS**
**Assistant United States Attorney**

Plea Agreement - 11
*United States v.* Brooks, CR20-215

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970